**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SAMMIE GILES, JR., Ph.D.,**<br>    **Plaintiff** | ) | **Case No. 3:04 CV 7643** |
| | ) | **Hon. Jack Zouhary** |
| **vs.** | ) | |
| | ) | **DEFENDANTS' MOTION TO STRIKE** |
| **THE UNIVERSITY OF TOLEDO, et al.,** | | **AFFIDAVITS AND MEMORANDUM IN** |
| **Defendants** | ) | **SUPPORT** |

\*   \*   \*   \*   \*   \*   \*

Defendants The University of Toledo, Daniel M. Johnson, Alan G. Goodridge, James M. Sciarini and Ganapathy Naganathan ("Defendants") hereby move the Court to strike the Affidavit of Sammie Giles, Jr., Ph.D. or, alternatively, paragraph 11, sentences 3 and 4; paragraph 14, sentence 4; paragraph 16, sentence 4; paragraph 22, sentence 3; paragraph 24, sentences 2 and 4; and paragraph 25 of that Affidavit, and the Affidavit of Earl Murry or, alternatively, paragraph 13, sentences 2, 3 and 11; paragraph 17; paragraph 18; and paragraph 24 of that Affidavit, for failure to comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure, for the reasons more fully set forth below.

**MEMORANDUM IN SUPPORT**

Fed. R. Civ. Proc. 56(e) requires that affidavits opposing motions for summary judgment must "be made on personal knowledge," must "set forth such facts as would be admissible in evidence," and must "show affirmatively that the affiant is competent to testify to the matters stated therein." Additionally, "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be

attached thereto or served therewith."  Fed.R.Civ.P. 56(e).  An affidavit that does not satisfy the requirements of Rule 56(e) is subject to a motion to strike.  *Reddy v. Good Samaritan Hosp. & Health Ctr.,* 137 F.Supp.2d 948, 954 (S.D. Ohio 2000).  It is also appropriate for a district court to strike portions of affidavits that do not comport with the Federal Rules.  See 11 *Moore's Federal Practice* §56.14[1][d] (Matthew Bender 3d ed.), fn. 46 and 47.  The portions of the Affidavit of Sammie Giles, Jr. and the Affidavit of Early Murry cited above do not meet Rule 56(e)'s requirements.

## **The Giles Affidavit**

In paragraph 11, sentences 3 and 4 of his Affidavit, Giles recites his "current understanding" of the authority of the former Vice Provost for Faculty Development and the preference of the former Vice Provost for Faculty Development regarding the input of the college dean or department chair.  He does not recite on what that "current understanding" is based, nor does he cite any document related to that authority or preference.  It would appear, therefore, that Giles' "current understanding" of the former Vice Provost's authority and preference is based on the statements made to him by the former Vice Provost.  Such statements by Giles are neither based on his personal knowledge nor admissible in evidence, as they constitute hearsay, inadmissible under Fed. R. Evid. 801(c) and 802.  They should be stricken.

In paragraph 14, sentence 4 of his Affidavit, Giles again recites what he "understand[s]" to be "commonplace among Ohio universities covered by the State Teachers Retirement System" regarding back-to-back leaves, without reciting any basis for this purported understanding.  Such a statement is not based on Giles' personal knowledge and should therefore be stricken.

In paragraph 16, sentence 4 of his Affidavit, Giles recites what University Associate Vice President for Human Resources and then-attorney for the University James Sciarini purportedly "in a June 19, 2001 letter to SERB admitted" regarding the finalization and execution of the collective bargaining agreement between the University and the American Association of University Professors – University of Toledo Chapter, without submitting Sciarini's letter itself.  Such a reference violates Fed. R. Civ. Proc. 56(e)'s requirement that all papers or parts thereof referred to in an affidavit be attached thereto or served therewith.  In addition, Fed. R. Evid. 1002 requires the original writing (or, under Fed. R. Evid. 1003, a

duplicate) to prove the content of a writing, and Giles has not produced such a writing.  What Giles reports as an admission cannot be appropriately considered outside the context of the entire writing, which Giles has deliberately withheld.  These statements should be stricken.

In paragraph 22, sentence 3 of his Affidavit, Giles recites his "understanding" regarding former Vice Provost Earl Murry's lawsuit against the University and Murry's agreement to resign, without reciting any basis for this alleged understanding.  This statement is not based on Giles' personal knowledge and appears to be based on the statements made to him by Murry, inadmissible in evidence as hearsay under Fed. R. Evid. 801(c) and 802.  This statement should also be stricken.

In paragraph 24, sentences 2 and 4 of his Affidavit, Giles purports to testify about earlier arbitrations and "arbitral interpretations" without having supplied any such decisions to the Court.  Again, Fed. R. Civ. Proc. 56(e) and Fed. R. Evid. 1002 prohibit such affidavit testimony.  What Giles reports as arbitral interpretations cannot be appropriately considered without producing the entire writings, which Giles has deliberately withheld.

Finally, in paragraph 25 of his Affidavit, Giles attempts to testify about what his attorney Dennis Grant purportedly reported to Giles that University attorney Theodore Rowen supposedly informed Grant regarding what Rowen had allegedly been told by the University.  One can scarcely count the layers of inadmissible hearsay represented by this inaccurate, incomplete, and entirely out-of-context report.  Paragraph 25 should be stricken in its entirety as inadmissible hearsay and not based on Giles' personal knowledge.

**The Murry Affidavit**

In paragraph 13, sentences 2 and 3 of his Affidavit, Murry recites as purported facts what Giles told him.  These statements are not based on Murry's personal knowledge and are inadmissible in evidence as hearsay under Fed. R. Evid. 801(c) and 802.  In paragraph 13, sentence 11 of his Affidavit, Murry reports as purported fact what College of Engineering Dean Ronald Fournier told him, also inadmissible hearsay.  These statements should be stricken.

In paragraph 17 of his Affidavit, Murry attempts to testify regarding the contents of letters sent to Provost William Free from Giles' then-attorney Lafayette Tolliver and from Murry to Tolliver.  Fed. R.

Civ. Proc. 56(e) and Fed. R. Evid. 1002 prohibit such affidavit testimony without producing the written documents referred to.  These statements should be stricken.

In paragraph 18 of his Affidavit, Murry claims no faculty collective bargaining agreement existed when Giles applied for and left on leave; that he was of the opinion that the University had ultimate authority to grant faculty members as much leave as it desired, that nothing in collective bargaining agreements prohibited giving back-to-back leaves of up to two years each, that the collective bargaining agreement would not apply to a faculty member on leave and working at another institution, and that the amount of leave the University grants or allows is not grievable under the collective bargaining agreement.  This entire paragraph is nothing but conclusory legal allegations with utterly no factual support.  This paragraph should also be stricken.  *Drake v. 3M*, 134 F.3d 878, 887 (7th Cir. 1998); *Burlington Coat Factory v. Esprit de Corp.*, 769 F.2d 919, 922-923 (2d Cir. 1985); 11 *Moore's Federal Practice* §56.14[1][d], fn. 43 (Matthew Bender 3d ed.).

In paragraph 24 of his Affidavit, Murry attempts to testify regarding what West allegedly told him that College of Engineering Dean Naganathan purportedly told West.  This is inadmissible hearsay and should be stricken as well.

Respectfully submitted,

Jim Petro (Ohio Atty. Reg. No. 0022096)
Attorney General of Ohio

  /s/  Cheryl F. Wolff                
Theodore M. Rowen (Ohio Atty. Reg. No. 0014245)
Cheryl F. Wolff (Ohio Atty. Reg. No. 0014266)
Spengler Nathanson P.L.L.
608 Madison Ave., Suite 1000
Toledo, OH  43604-1169
Telephone:  (419) 241-2201
FAX:  (419) 241-8599

Special Counsel to the Attorney General
and Counsel for Defendants

**<u>CERTIFICATION</u>**

I hereby certify that on the 14th day of November, 2006, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

___/s/ Cheryl F. Wolff_____

Cheryl F. Wolff

H:\S-Cfw\UT\Giles Litigation\Pleadings\06031k6c.mtn.doc