IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Sammie Giles, Jr., Ph.D., | Case No. 3:04 CV 7643 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| The University of Toledo, et al., | |
| Defendants | |

This matter is before the Court pursuant to Defendants' Motion to Strike Affidavits (Doc. No. 80), Defendants' Motion to Strike Supplemental Affidavit (Doc. No. 90), and Plaintiff's Motion to Strike (Doc. No. 99).

Defendants request the Court strike all or portions of the Affidavit of Sammie Giles, all or portions of the Affidavit of Earl Murry, and paragraph 7 of the Supplemental Affidavit of Giles. Plaintiff requests the Court strike the Affidavit of Thomas Page and a portion of Defendants' Supplemental Brief in Support of their Motion for Summary Judgment.

**LAW AND ANALYSIS**

In order to be considered by the Court on a motion for summary judgment, an affidavit must satisfy three formal requirements: (1) it "shall be made on personal knowledge"; (2) it "shall set forth such facts as would be admissible in evidence" at the time of trial; and (3) it "shall show affirmatively that the affiant is competent to testify to the matters stated therewith." Fed. R. Civ. Pro. 56(e). Additionally, "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Id.*

An affidavit that does not satisfy these requirements is subject to a motion to strike and will not be considered by the Court in ruling upon a motion for summary judgment. *Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F. Supp. 2d 948, 954 (S.D. Ohio 2000). In resolving a motion to strike, the Court should use "a scalpel, not a butcher knife." *Perez v. Volvo Car Corp.*, 247 F.3d 303, 315-16 (1st Cir. 2001). Thus, it is appropriate for the Court to strike portions of affidavits that do not satisfy the requirements of Rule 56(e). 11 *James Wm. Moore, Federal Practice* § 56.14[1][d] (Matthew Bender 3d ed.), n. 46 and 47.

### PERSONAL KNOWLEDGE

Parties must demonstrate that their summary judgment affidavits are made on personal knowledge. *Sperle v. Michigan Dep't of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002); *Smartt v. Clifton*, No. C-3-96-389, 1997 WL 1774874, at *11 (S.D. Ohio 1997); Fed. R. Civ. Pro. 56(e). Affidavits based on mere "information and belief," as opposed to facts the affiant *knows* to be true, are not proper. *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831 (1950), *overruled on other grounds by Lear, Inc. v. Adkins*, 395 U.S. 653 (1969). In order for inferences, thoughts, and opinions to be properly included in a Rule 56 affidavit, they must be premised on first-hand observations or personal experience, and established by specific facts. *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1355 n.2 (6th Cir. 1996); *Harrah's Entertainment, Inc. v. Ace American Ins. Co.*, 100 Fed. Appx. 387, 394 (6th Cir. 2004) (a court should strike affidavits that do nothing more than reach legal conclusions); *Drake v. Minnesota Min. & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("[a]lthough 'personal knowledge' may include inferences and opinions, those inferences must be substantiated by specific facts").

Sentences 3 and 4 of paragraph 11,[1] parenthetical sentence 4 of paragraph 14,[2] and sentence 3 of paragraph 22[3] of the Giles Affidavit, are stricken because they lack personal knowledge and fail to substantiate inferences and opinions with specific facts.

These sentences convey Plaintiff's "understanding" regarding the extent of Murry's authority, retirement credit for leaves, and Murry's resignation as Vice Provost. When Plaintiff's own opinion is at issue, mere "belief" or "understanding" is sufficient to establish personal knowledge, but without substantiating facts, such statements cannot establish the truth of the matter asserted. *Reddy*, 137 F. Supp. 2d at 956. To establish an independent factual basis for paragraph 11, Plaintiff points to an out-of-court conversation with Murry and the December 20, 2000 letter from Murry to Provost Free (Giles Dep. Ex. PPP). However, because the letter does not discuss Murry's authority to grant leaves, and further does not establish personal knowledge, it does not substantiate paragraph 11.

---

[1] "My current understanding is that, as a practical matter, the Vice Provost for Faculty Development had final authority on granting leaves regardless of the recommendation of the a department chair or a college dean. He nevertheless preferred to receive their input before proceeding."

[2] "I understand back-to-back leaves in increments of two years or less are commonplace among Ohio universities covered by the State Teacher Retirement System because its procedures apparently prohibit retirement credit for single leaves in excess of two years."

[3] "My understanding is that, in connection with Title VII litigation he had pursued against the University and particularly Provost Goodridge, Dr. Murry ultimately agreed to resign as Vice Provost for Faculty Development without ever officially returning to such office."

3

Plaintiff bases his statement in sentence 4 of paragraph 14 on Ohio Rev. Code § 3307.77;[4] conversations he may or may not have had with State Teachers Retirement System (STRS) counselors and other state university faculty members; and the University's known grants of back-to-back leaves. While Ohio Rev. Code § 3307.77 does limit service credit to two years for some forms of leave, the statute does not substantiate the alleged connection between STRS limits and the actual length of leaves of absence. Similarly, Plaintiff's alleged conversations with other faculty members or STRS counselors fail to substantiate Plaintiff's statement in paragraph 14. While in some cases, personal knowledge may be inferred from the content of the statements or context of the affidavit, such inferences are usually made when a close relationship exists between the affiant and the subject, such as the relationship between family members or corporate officers. *See Reddy*, 137 F.Supp.2d at 956; *Jacobs v. Wilkinson*, 156 F.3d 1230, 1998 WL 393789, at *1 (6th Cir. 1998). Here, Plaintiff lacks the close relationship with the counselors and faculty members to allow a presumption of personal knowledge. Because Plaintiff fails to affirmatively state that he did speak to counselors or other faculty members about leaves of absence, he fails to provide specific factual evidence to substantiate his opinion. Accordingly, the Court will not consider sentence 4 of paragraph 14 for the truth of Plaintiff's understanding.

---

[4]

Ohio Rev. Code § 3307.77(B) states in pertinent part:

> Any member of the state teachers retirement system participating in the plan described in sections 3307.50 to 3307.79 of the Revised Code who is, or has been, prevented from making contributions under section 3307.26 of the Revised Code because of an absence due to the member's own illness or injury, or who is, or has been, granted a leave for educational, professional, or other purposes pursuant to section 3319.13, 3319.131, or 3345.28 of the Revised Code or for any other reason approved by the state teachers retirement board, may purchase service credit, not to exceed two years for each such period of absence or leave, either by having deductions made in accordance with division (C) of this section or by making the payment required by division (D) or (E) of this section.

Paragraph 18 of the Murry Affidavit[5] is stricken for lack of personal knowledge and failure to substantiate legal conclusions, inferences and opinions with specific facts. In this paragraph, Murry states his opinions regarding the applicability of CBAs, granting of leaves, and union grievances. Murry bases his opinions, legal conclusions, and conclusory assertions on his experience administrating CBAs and leave matters, but cites no additional factual support. With the exception of the last sentence in paragraph 18, these unsubstantiated statements will not be considered by the Court. In the last sentence of paragraph 18, Murry testifies: "In my experience in administering various faculty collective bargaining agreements at the University, the Union has never grieved the amount of leave the University has granted or allowed any faculty member and, in my opinion, such matters are not grievable." To the extent Murry testifies that in his experience as Vice Provost, the Union has not grieved amounts of leave, the sentence is properly considered by the Court. However, the portion of the sentence stating Murry's opinion that amounts of leave are not grievable is an unsubstantiated legal conclusion and will not be considered.

## HEARSAY

Courts cannot consider inadmissible hearsay in an affidavit when ruling on a summary judgment motion. *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir. 1997).

---

[5] "At no time did Dr. Giles seek a leave under any full-time tenured faculty collective bargaining agreement; none existed when he applied for and left on leave. I did not refer to any collective bargaining agreement because none was applicable and, in my administration of leave matters, I was of the opinion that the University had ultimate authority to grant faculty members as much leave as it desired. For example, nothing in any collective bargaining agreements I administered prohibited giving back-to-back leaves of up to two years each. Additionally, since the collective bargaining agreement covered only tenure track and tenured faculty who were "full-time" with the University of Toledo, once a faculty member began working full-time at another institution, the collective bargaining agreement would no longer be applicable to him prior to his return to the full-time work at the University. In my experience in administering various faculty collective bargaining agreements at the University, the Union has never grieved the amount of leave the University has granted or allowed any faculty member and, in my opinion, such matters are not grievable."

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The following portions of the affidavits contain inadmissible hearsay and do not qualify as non-hearsay and do not fall under a hearsay exception: (1) paragraph 25 of the Giles Affidavit;[6] (2) sentences 2 and 3 of paragraph 13 of the Murry Affidavit;[7] (3) paragraph 24 of the Murry Affidavit;[8] and (4) paragraph 13, sentence 11 of the Murry Affidavit.[9] These statements do not meet the requirements of Civil Rule 56(e).

Specifically, in paragraph 25 of the Giles Affidavit, Plaintiff states that Defendant University told its attorney, Theodore Rowen, who in turn told Plaintiff's attorney, who in turn told Plaintiff, that Plaintiff would never be allowed to return to the University. This paragraph contains triple nested out-of-court statements offered for the truth of the matter asserted. In order for the entire paragraph to be admissible, each statement must be admissible. *United States v. Payne*, 437 F.3d 540, 547 (6th Cir. 2006). Hearsay is not admissible except as provided by the Federal Rules of Evidence. Without

---

[6] "In July of 2005, nearly three months before the so-called pre-disciplinary hearing, my attorney reported to me a University attorney, Theodore Rowen, had informed him that Rowen had been "instructed" Dr. Giles would never be allowed to return to the University of Toledo. I believe the decision to dismiss me had been made well before I had been given any pre-disciplinary hearing or opportunity to present my defense against the insubordination and job abandonment charges."

[7] "Dr. Giles was considering a position as Department Head of the Electrical Engineering Department at Tuskegee University." "He had been denied even the opportunity to interview for the Chair of his own department at the University of Toledo and thought the experience would strengthen his credentials for consideration of future Chair openings in the Electrical Engineering and Computer Science Department at the University of Toledo."

[8] "In a latter phone conversation with West, he asked me if I knew what Dr. Giles 'wanted' because Dr. Naganathan 'wanted Giles' slot' (line item salary budget)."

[9] "I also independently consulted with Dr. Fournier who said that he had no objection to me giving Dr. Giles as long a leave as necessary."

6

reaching the admissibility of the University and Rowen's statements, the statement by Plaintiff's attorney is hearsay without an applicable exception. *See* Fed. R. Evid. 803-807. Additionally, sentence 2 of paragraph 25 lacks personal knowledge because it states Plaintiff's belief, unsubstantiated by specific facts. Accordingly, the Court strikes paragraph 25 of the Giles Affidavit.

Sentences 2 and 3 of paragraph 13 of the Murry Affidavit should also be stricken as inadmissible hearsay to the extent they attempt to prove the truth of the matter asserted. Indeed, Plaintiff acknowledges that these sentences are not offered to prove whether and why Plaintiff considered a position at Tuskegee, but is offered instead to show their effect on Murry. At this stage the effect on Murry is irrelevant and these sentences are stricken.

Paragraph 24 of the Murry Affidavit is inadmissible hearsay because Murry attempts to introduce Kevin West's out-of-court statement to Murry as well as an out-of-court statement by Ganapathy Naganathan to West, which West relayed to Murry. West's statements were not against his pecuniary or proprietary interests, nor would they subject him to civil or criminal liability, and thus, are not statements against interest under Fed. R. Evid. 804(b)(3). Neither are West's statements party-opponent admissions, because West is not a party-opponent and Plaintiff fails to show West made the statement as Defendant's agent within the scope of his agency. Fed. R. Evid. 801(d)(2)(D). Paragraph 24, therefore, is inadmissible hearsay, which does not fall within an exception, and is stricken.

In sentence 11 of paragraph 13 of the Murry Affidavit, Plaintiff attempts to introduce an out-of-court statement made by Ron Fournier. While paragraph 13 would otherwise be inadmissible hearsay if offered for the truth of the matter asserted, Plaintiff acknowledges that sentence 11 is not

offered for its truth. Thus, the sentence is only admissible for purposes other than to prove the truth of the matter asserted.

## **ATTACHED DOCUMENTS**

Federal Civil Rule 56(e) states: "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Defendants ask the Court to strike the following paragraphs because the documents referenced in these paragraphs were not provided: (1) paragraph 16, sentence 4 of the Giles Affidavit;[10] (2) paragraph 24, sentence 2 of the Giles Affidavit;[11] and (3) paragraph 17, sentence 1 of the Murry Affidavit.[12]

Federal Civil Rule 56(e) allows the Court to "permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." Plaintiff filed a Supplemental Affidavit/Declaration of Sammie Giles, Jr. (Doc. No. 87), to which Plaintiff attached the three missing documents. Since the documents have been provided through the Supplemental Affidavit, Defendants Motion to Strike these portions of the affidavits is denied.[13]

---

[10] "He advised me that would not be acceptable due to the University's interpretation of the collective bargaining agreement which, by then, had been formalized by the new Provost, Alan Goodridge, and recently added staff member, James Sciarini, who in a June 19, 2001 letter to SERB admitted the agreement had not been finalized or executed until after January 16, 2001, but reportedly by January 27, 2001."

[11] "In arbitration under the allegedly applicable 2000-2003 collective bargaining agreement, it was established that one of a covered faculty member's rights (and I deny the contract "covered" me since I was not a "full-time" faculty member at the University of Toledo following December 31, 2000) was to have such hearing presided over by an impartial hearing officer."

[12] "On December 19, 2000, Dr. Giles' attorney, Lafayette Tolliver, sent a letter to Dr. Free complaining that Dr. Giles felt the University was delaying "formal" approval of his leave in retaliation for Giles' past protected activity."

[13] Defendants assert sentences 3 and 4 of paragraph 17 of the Murry Affidavit reference an unattached letter from Murry to Lafayette Tolliver. Sentences 3 and 4 provide: "Dr. Free brought the letter [from Tolliver to Free] to me for response. I confirmed to Tolliver that all necessary University approvals had been satisfied for the

8

**SUPPLEMENTAL AFFIDAVIT OF SAMMIE GILES, JR.**

Defendants ask the Court to strike paragraph 7[14] of the Supplemental Affidavit on the grounds that the paragraph contradicts Plaintiff's original affidavit and constitutes an attempt to create a sham fact issue, or, alternatively, as inadmissible hearsay. Courts have held that "a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement without explaining the contradiction or attempting to resolve the disparity." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006). While a directly contradictory affidavit should be stricken, even an affidavit without a direct contradiction may be striken if the Court determines that the affidavit "constitutes an attempt to create a sham issue of material fact." *Id.* To determine whether a party attempted to create a sham issue of material fact, the Sixth Circuit has approved a list of nonexhaustive factors in *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). Relevant factors include: (1) whether the affiant was cross-examined during his earlier testimony; (2) affiant's access to the pertinent evidence at the time of his earlier testimony; (3) whether the affidavit was based on newly discovered evidence; and (4) whether the earlier testimony reflects confusion which the affidavit attempts to explain. *Franks*, 796 F.2d at 1237.

Paragraph 7 does not directly contradict Plaintiff's original affidavit, but rather reveals additional information of an event that was omitted (admittedly and without persuasive justification) from paragraph 25 of Plaintiff's original affidavit. Because there is no direct contradiction, the Court must determine whether Plaintiff attempts to create a sham issue of material fact. Applying the

---

time I had specified to Dr. Giles." The Court is unconvinced that these sentences refer to a letter from Murry to Tolliver. Therefore, the affidavit does not require Plaintiff to produce the alleged letter.

[14] "I heard Mr. Theodore M. Rowen on July 25, 2005, make the statement in the deposition conference room of his law firm that the decision had already been made that I would never return to the University of Toledo."

*Franks* factors, the Court notes: (1) Plaintiff had access to the pertinent evidence at the time of his earlier testimony; (2) the Supplemental Affidavit was not based on newly discovered evidence; and, (3) the earlier testimony does not reflect confusion which the supplemental affidavit attempts to explain. While Plaintiff was not cross-examined when he made the earlier statement, the other three factors support Defendants' objection.

Even if paragraph 7 is not an attempt to create a sham issue of material fact, the paragraph contains inadmissible hearsay which Plaintiff fails to show falls within any exception to hearsay. Therefore, paragraph 7 of the Giles Supplemental Affidavit is sticken.

### PLAINTIFF'S MOTION TO STRIKE

Plaintiff asks the Court to strike a portion of Defendants' Supplemental Brief, and the Affidavit of Thomas H. Page attached to Defendants' brief. Defendants filed the Supplemental Brief in response to the Court's request for additional information regarding Peter Linebaugh (Doc. No. 96), an allegedly similarly-situated faculty member at the University. Plaintiff also filed a brief in response to the Court's request (Doc. No. 97).

First, Plaintiff requests that portions of Defendants' Supplemental Brief be stricken. The Court requested the parties file simultaneous briefs on the subject of Linebaugh's absences. Defendants titled their brief a "supplemental brief" and included a new argument regarding the determination of a "calendar year" under Section 14.3.1 of the 2000-03 Collective Bargaining Agreement (CBA). The Court did not invite new arguments, and specifically ordered that no response briefs be filed. Therefore, the Court grants Plaintiff's Motion to Strike the portion of Defendants' Supplemental Brief discussing the determination of a "year," an argument not previously raised.

Similarly, the Court refuses to consider Plaintiff's new arguments regarding the determination of "year."

Second, Plaintiff's argues the Page Affidavit should be stricken because: (1) the Court did not request supplemental briefs or new or additional Rule 56 evidence; (2) discovery and dispositive motion deadlines have passed; (3) Page never appeared in preliminary disclosures or witness lists as having relevant knowledge; (4) Defendants did not seek leave to file the affidavit or use it as a supplement to any previously filed affidavit; and (5) the documents attached to the affidavit were never provided to Plaintiff until Defendants filed their Supplemental Brief.

The Court requested clarification on Linebaugh's employment with the University, which allowed the parties to enter additional evidence into the Record. Page's Affidavit simply authenticates the payroll documents Defendants attached to their Supplemental Brief and does not raise new arguments, or necessitate additional briefing and discovery; nor are the documents attached to the affidavit inconsistent with information previously provided to Plaintiff. Further, Defendants state they had provided the attached documents to Plaintiff, with the exception of Linebaugh's payroll records, pursuant to Plaintiff's discovery requests. (During discovery, Defendants objected to Plaintiff's request for the payroll records, and Plaintiff did not pursue the issue any further). The Court finds no error in the filing of the affidavit and clarifying documents, all in response to a specific Court request, and denies the Motion to Strike the Page Affidavit.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Strike Affidavits (Doc. No. 80), Defendants' Motion to Strike Supplemental Affidavit (Doc. No. 90), and Plaintiff's Motion to Strike (Doc. No. 99) are granted in part and denied in part.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                           JACK ZOUHARY
                                           U. S. DISTRICT JUDGE

March 14, 2007